UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW JAQUA,

                Petitioner,           Case No. 3:19-cv-12063
                                              Hon. Denies Page Hood

THOMAS WINN,

                Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Dkt. 7), GRANTING A CERTIFICATE OF APPEALABILITY, AND GRANTING PERMISSON TO APPEAL IN FORMA PAUPERIS**

Matthew Jaqua, ("Petitioner"), a Michigan Department of Corrections prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Alger Circuit Court bench trial convictions of three counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(a) and (2)(b) (sexual penetration of a child under 13 years old), and three counts of first-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520b(1)(b)(ii) (sexual penetration of a child between age 13 and 15 by a blood relative).

The habeas petition raises four claims: (1) insufficient evidence was presented to sustain Petitioner's convictions, (2) the trial court erred in failing to exclude prior bad acts evidence related to other allegations of sexual

misconduct from a different complainant, (3) erroneous information was included in the presentence information report, and (4) the court erred in ordering Petitioner to pay restitution.

The case is before the Court on Respondent's motion to dismiss. Respondent asserts that the petition was filed after expiration of the one-year statute of limitations. Dkt. 7. Petitioner filed a response to the motion, arguing that he is entitled to equitable tolling because prison counselors were unavailable to place his petition in the institutional mail system in the days before the limitations period was set to expire. Even assuming the truth of Petitioner's allegations, the Court will grant Respondent's motion and dismiss the case because Petitioner failed to comply with the one-year limitations period under 28 U.S.C. §2244(d), and he has failed to demonstrate entitlement to equitable tolling. The Court will, however, grant Petitioner a certificate of appealability and permission to appeal in forma pauperis.

## I. Background

The facts surrounding Petitioner's convictions were summarized by the Michigan Court of Appeals:

> Defendant's convictions resulted from his sexual abuse of his daughter, who was 21 years old at the time of the trial. At trial, the complainant testified that defendant first sexually abused her when she was in the first grade, when he rubbed her genitals.

2

> When she was 10 or 11 years old, defendant started to take "naps" with the complainant, during which he touched and digitally penetrated the complainant. Later, beginning when the complainant was 12, defendant penetrated the complainant's vagina with his penis. Before she turned 13, he also forced her to engage in oral sex. These acts continued on a routine basis until after the complainant turned 16-years-old. Defendant admitted that he inappropriately touched the complainant; but, he claimed the touching was accidental and occurred when she was 15. He also admitted that they engaged in oral sex as well as vaginal penetration; but, defendant claimed that these acts did not occur until the complainant was 16-years-old. At trial, the prosecutor also presented testimony from defendant's two younger sisters, both of whom testified to acts of sexual touching and penetration that defendant perpetrated on them when they were children. Following a bench trial, defendant was convicted as noted above.

*People v. Jaqua*, 2017 WL 5503693, *1 (Mich. Ct. App. Nov. 16, 2017).

On November 16, 2017, the Michigan Court of Appeals issued an unpublished memorandum opinion affirming Petitioner's convictions. *Id.* Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims he presents in his current habeas petition. On April 3, 2018, the Michigan Supreme Court denied the application by standard order. *People v. Jaqua*, 908 N.W.2d 917 (Mich. 2018) (Table).

Petitioner's response to Respondent's motion indicates that after he prepared his federal habeas petition, on June 26, 2019, he sent a "kite" requesting permission to make copies so that he could file it. Dkt. 9, Affidavit. Petitioner states that he did not receive a "call out" to make copies until the

3

evening of Tuesday July 2, 2019. Id. He made the copies at that time and signed the habeas petition, but it was too late in the day to give the completed petition to a prison counselor for mailing. By the next day, Wednesday July 3, 2019, both prison counselors in his unit were gone for the long holiday weekend. Petitioner states he was finally able to deliver his petition to a counselor for mailing on Monday July 8, 2019, after they returned to work. Indeed, the petition docketed with the Court bears a signature date of July 2, 2019, and it indicates "I declare under penalty of perjury that the foregoing is true and correct and that this Petitioner for Writ of Habeas Corpus was placed in the prison mailing system on 7/8/2019." Dkt. 1, at 16.

Meanwhile, as will be discussed below, the one-year statute of limitations expired on July 3, 2019.

## I. Standard of Review

Though Respondent styles his motion as a motion to dismiss, it is properly construed as one of summary judgment because the motion and the record before the Court includes documents outside of the pleadings. See e.g., *Anderson v. Shane Place*, 2017 U.S. Dist. LEXIS 65670, *6, 2017 WL 1549763 (E.D. Mich. May 1, 2017).

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

4

In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.* If the movant carries its burden of showing an absence of evidence to support a claim, then the non-movant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. See *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

## II. Discussion

There is a one-year statute of limitation for petitions filed by state prisoners seeking federal habeas relief. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires. § 2244(d)(1)(A). Here, the expiration of time for seeking direct review of Petitioner's conviction was July 2, 2018 - 90 days after the Michigan Supreme Court denied Petitioner's application for leave to appeal from his direct appeal on April 3, 2018. See

Sup. Ct. R. 13. Petitioner placed his petition in the prison mail system on July 8, after the limitations period had already expired. See *Brand v. Motley*, 526 F.3d 921 (6th Cir. 2008).

Petitioner does not contest this calculation. Instead, he argues that he is entitled to equitable tolling because personnel at his facility were unavailable to place his petition in the facility's mail system from July 2 until they returned from the long holiday weekend on July 8. He also asserts that first requested permission to make copies in preparation for filing on June 26, but he did not receive the call-out until July 2. A petitioner is entitled to equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). Equitable tolling should be granted sparingly. See *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

The handling of a petition by prison or other government officials *may* constitute grounds for equitable tolling. *Pliler v. Ford*, 542 U.S. 225, 235 (2004) (O'Connor, J. concuring) (emphasis added). However, conditions that are typical of prison life do not warrant equitable tolling. See *Hall v. Warden,*

*Lebanon Correctional Inst.*, 662 F.3d 745, 752 (6th Cir. 2011) (limited law library access, inability to obtain transcripts, and pro se status do not constitute extraordinary circumstances); *Maclin v. Robinson*, 74 F. App'x 587, 589 (6th Cir. 2003) (limited access to prison law library is not a state impediment under 28 U.S.C. § 2244(d)(1)(B)); *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (routine transfer between prisons does not constitute extraordinary circumstance); *Roland v. Motley*, 2006 WL 2457936, *6 (E.D. Ky. Aug. 22, 2006) (citing cases and ruling that inability to obtain or pay for copies does not warrant equitable tolling).

Prisoners such as Petitioner are painfully aware of the fact that they do not have unfettered or immediate access to supplies and services to quickly facilitate the filing of a legal proceeding. Prisoner's must seek permission in advance to access the law library. They must make written requests for disbursements for copies and postage. Petitioner's affidavit also makes it clear that he was personally aware of the requirement that he turn his petition over to one of two prisoner counselors for mailing.

Petitioner had more than a year—adding the 90 extra days for the time Petitioner could have but did not file a petition for writ of certiorari—to prepare and file his petition after the Michigan Supreme Court denied him relief in May of 2018. The petition itself is not complicated. It raises the same claims

7

raised on direct review and did not require much if any additional legal work. Yet Petitioner waited until June 26, 2019, to ask to make copies of his prepared petition, knowing that it was due only days later on July 3, 2019. While the six-day delay in receiving the call-out to make copies and then the counselors' six-day absence during the holiday weekend may have been circumstances not under Petitioner's control, they were not unexpected or extraordinary either. Rather, these circumstances were rather foreseeable incidents of prison life. Had Petitioner acted with due diligence he could have had his petition prepared and ready for filing sufficiently in advance of the deadline that such foreseeable delays would not have rendered his petition untimely. Petitioner points to nothing occurring in the many months of inaction following the Michigan Supreme Court decision that caused him to sit on his rights and wait until the eleventh hour to prepare his habeas petition for filing.

Accepting the facts alleged in his affidavit as true, Petitioner has failed to show extraordinary circumstances or that he acted with due diligence in seeking habeas relief so as to justify the equitable tolling of the limitations period based on the six-day delay in receiving the call-out to make copies or the six-day period when the counselors were unavailable to receive the petition for mailing. See *Cook v. Stegall*, 295 F.3d 517, 521-22 (6th Cir. 2002)

(habeas petitioner was not entitled to equitable tolling of limitations period in which to file habeas petition, even if state prison's copier was broken in days leading up to deadline); see also *Alexander v. Schriro*, 312 F. App'x. 972, 975 (9th Cir. 2009) (petitioner's short delay in accessing copy machine to make copies of his habeas petition while prison resource center was temporarily closed for holidays and his prison counselor went on vacation for one week was not extraordinary circumstance justifying equitable tolling of AEDPA's one-year limitations period for seeking habeas relief, since petitioner had entire year to prepare and file petition); *Ramirez v. Yates*, 571 F.3d 993, 997-1001 (9th Cir. 2009) (limited access to law library and copy machine are neither "extraordinary" nor make it "impossible" to file a timely petition); *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003) (prison rules requiring inmates to sign up for access to law library in advance did not warrant equitable tolling).

Accordingly, the Court will grant Respondent's motion to dismiss and dismiss the petition because it was filed after expiration of the one-year statute of limitations, and Petitioner has failed to demonstrate entitlement to equitable tolling.

## III. Certificate of Appealability

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court will grant Petitioner a certificate of appealability because reasonable jurists could debate whether the Court was correct in determining that Petitioner was not entitled to equitable tolling. The Court will also grant permission to appeal in forma pauperis, because an appeal can be taken in good faith. 28 U.S.C. § 1915(a)(3).

## IV. Order

For the foregoing reasons, **IT IS ORDERED** that Respondent's motion to dismiss is **GRANTED**, and the petition is **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED**.

**IT IS FURTHER ORDERED** that permission to appeal in forma pauperis is **GRANTED**.

s/Denise Page Hood  
Chief Judge, United States District Court

Dated: October 30, 2019